NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3247

WILLIAM B. DEMONTBREUN,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

William B. DeMontbreun, of Crossville, Tennessee, pro se.

David A. Harrington, Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3247

WILLIAM B. DEMONTBREUN,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0330070849-I-1.

_____

DECIDED: October 14, 2008

_____

Before NEWMAN, PROST, and MOORE, Circuit Judges.

PER CURIAM.

William DeMontbreun appeals a final decision of the Merit Systems Protection Board (MSPB), DeMontbreun v. Dep't of the Navy, No. AT0330070849-I-1 (MSPB Apr. 3, 2008), denying his request for corrective action. We affirm.

Mr. DeMontbreun is a preference-eligible veteran with a compensable service-connected disability of 10% or more. On July 5, 2007, he filed an appeal alleging that the Department of the Navy (Navy) violated his rights under the Veterans Employment Opportunities Act of 1998 when it failed to select him for its Financial Management Trainee Program at any of the three geographical locations to which he applied. Navy prepared a separate certificate of eligibles for each city corresponding to Mr. DeMontbreun's geographic preferences, and each certificate placed Mr. DeMontbreun

in preference Category 1 for preference eligibles having a compensable service-connected disability of 10% or more. Because there were fewer than three candidates in Category 1 for each city, Navy also considered candidates from lower categories according to 5 C.F.R. § 302.401. Navy ultimately selected candidates in each city from these lower categories. Mr. DeMontbreun alleged that Navy should have used a single nation-wide certificate of eligibles, which would have included at least three candidates in Category 1 and therefore would have prevented Navy from considering candidates from lower categories. Mr. DeMontbreun also alleged that Navy's bi-weekly selection of candidates was too frequent and that it should have waited until three or more candidates were in Category 1, which also would have prevented Navy from considering lower categories.

In an initial decision dated October 15, 2007, an administrative judge (AJ) determined that Navy "properly afforded [Mr. DeMontbreun] his veterans preference under law and regulation by recognizing his veterans preference and putting him in category I." The AJ explained that no law, rule, or regulation required Navy either to make its selections from a single nation-wide certificate or to wait until three or more candidates were in Category 1. This decision became final on April 3, 2008 when the MSPB denied Mr. DeMontbreun's petition for review.

Mr. DeMontbreun appeals the MSPB's final decision, and we have jurisdiction under 28 U.S.C. § 1295(a). Our review is limited to setting aside findings or conclusions of the MSPB that we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law,

rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. DeMontbreun contends that the AJ: (1) failed to consider 5 C.F.R. § 302.401; (2) improperly interpreted section 302.401 as explained above; and (3) "overlooked Navy's attempt to withhold information to justify its non-selection of preference eligibles." We disagree. First, the AJ considered section 302.401 and indeed quoted subsection (a) of this regulation. Second, and consistent with the AJ's initial decision, we are aware of no law, rule, or regulation—nor has Mr. DeMontbreun cited any—that required Navy to make its selections from a single nation-wide certificate or to wait until three or more candidates were in Category 1. The AJ's conclusion that the Navy properly afforded Mr. DeMontbreun his veterans preference rights when it placed him in Category 1 was not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. Third, Mr. DeMontbreun does not explain what information he believes Navy withheld.

For the foregoing reasons, we affirm the final decision of the MSPB denying Mr. DeMontbreun's request for corrective action.

COSTS

No costs.